UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SANDRA WOUNDED FOOT GRAHAM, individually, and as special administrator and personal representative of the ESTATE OF SHERRY WOUNDED FOOT,<br><br>Plaintiffs,<br><br>vs.<br><br>THE ESTATE OF DR. RALPH E. ALVING, (deceased); AMY E. ALVING, personal representative/special administrator of the ESTATE OF RALPH E. ALVING; AB STAFFING SOLUTIONS; and UNITED STATES OF AMERICA,<br><br>Defendants. | CIV No. 5:18-cv-5050-JLV<br><br><br>**PARTIES' DISCOVERY REPORT** |

COMES NOW the parties in the above-captioned action, by and between their respective counsels of record, and hereby jointly submit this report of the court-ordered meeting required pursuant to Fed. R. Civ. P. 26(f).

## A.   Date and Place of the Meeting and Identification of the Parties and Their Attorneys

1.   The date and place at which the meeting was held.

**Response**: August 1, 2019, at the law offices of Robin Zephier.

2.   Name and community of residence of each party, together with the name and address of the attorney or attorneys who represented each party at the meeting.

**Response**:

Plaintiff is represented by Robin L. Zephier, Abourezk, Zephier & LaFleur, PC, P.O. Box 9460, Rapid City, SD 57709-9460; (605) 342-0097.

Defendants, Estate of Dr. Ralph E. Alving (deceased), Amy E. Alving, as personal representative/special administrator of the Estate of Ralph E. Alving, and AB Staffing Solutions ("AB Staffing"), are represented by Lonnie R. Braun, Thomas Braun Bernard & Burke, LLP, 4200 Beach Drive, Suite 1, Rapid City, SD 57702; (605) 348-7516

Defendant, United States of America, is represented by SaraBeth Donovan, Assistant United States Attorney, 515 Ninth Street, Suite 201, Rapid City, SD 57701; (605) 342-7822.

3.   Name of the insurance carriers and amount of liability coverage available.

**Response**:

- Plaintiff: not applicable
- Defendant Alving: Evanston Insurance Company
- Defendant AB Staffing: Evanston Insurance Company
- Defendant United States of America: not applicable

## B.   Description of the Case

4.   A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses.

**Response**:

Plaintiff's Description of Case:

Plaintiff brings this action against all Defendants for medical negligence which proximately and directly resulted in the death of Plaintiff's natural mother Sherry Wounded Foot ("Decedent"). Plaintiff has alleged that Dr. Alving and other medical personnel at the Pine Ridge Indian Health Service ("IHS") Hospital in Pine Ridge, SD, as well as the Oglala Sioux Tribe ("OST") Ambulance Service employees, were negligent in transporting, diagnosing, triaging, and treating Decedent prior to and in the Emergency Department at the IHS Hospital on August 5, 2016.  Decedent suffered from a severe head injury prior to being transported to the Hospital.  Dr. Alving was an employee of AB Staffing and/or an independent contractor doctor working at the hospital, and all defendants were

2

charged with the duty of providing reasonable medical care to patients such as decedent within the appropriate level of the standard of care necessary to adequately treat presenting patients and to sustain life and health in a reasonable fashion and according to reasonable and reasonably available means under the circumstances. Plaintiff has alleged that the Defendants including Dr. Alving, and other AB Staffing and federal medical staff present, were negligent in not properly diagnosing, triaging, and treating the severe head injury that Decedent had upon arrival at the hospital. Plaintiffs allege that as a direct and proximate result of the said negligence, individually and jointly and severally, that decedent's head injury condition worsened, so that when she was provided the necessary medical care she needed at the Rapid City Regional Hospital hours later, it was too late to save her brain function and her life. Decedent survived for 12 days following her arrival at the IHS Hospital and being neglected by the Defendants there. Damages were sustained by decedent for pain and suffering, imminent fear of death, conscious pain and suffering, medical expenses, loss of opportunity, and for the heirs and the estate, in the form of survival damages, loss of support, loss of comfort, loss of counsel, loss of advice, medical expenses, funeral and memorial expenses, and other consequential loss. Additional claims against AB Staffing and the United States include negligent hiring, negligent screening and negligent supervision of its doctors (Dr. Alving included) and the AB Staffing and federal employee medical staff at the Pine Ridge IHS Hospital.

Defendants Dr. Alving and AB Staffing's Description of the Case:

Defendants AB Staffing and Dr. Alving's estate assert that the evidence will show: Dr. Alving was a well-trained and qualified Emergency Medicine doctor. He was an independent contractor placed at the Pine Ridge IHS Hospital by AB Staffing, which is a locum tenens provider. Dr. Alving was vetted by IHS and approved for placement. Dr. Alving cared for the Decedent. His care and treatment met the standard of care for physicians under similar circumstances and was not otherwise tortious. No tortious conduct by AB Staffing or Dr. Alving legally caused harm to the Decedent.

Defendant United States' Description of the Case:
Defendant United States denies Plaintiff's allegations and asserts that its employees met the required standard of care in transporting Decedent from White Clay, Nebraska, to the Pine Ridge IHS Hospital and, if any federal employees were present in the emergency room on August 5, 2016, they also met the required

3

standard of care in providing medical treatment to the Decedent. The United States further asserts that any actions of its employees were not the proximate or legal cause of Decedent's death, that the actions of Decedent and/or third parties were the proximate and legal cause of Decedent's death, and that Decedent was contributorily negligent more than slight and/or assumed the risk of her injuries and death so as to bar Plaintiff from any recovery for damages, and that Decedent and/or Plaintiff failed to mitigate their damages.  The United States further asserts that no federal employees were present and/or treated Decedent in the IHS emergency room on August 5, 2017, that the United States cannot be held liable for negligent hiring, negligent screening and negligent supervision of any federal contractors hired by AB Staffing or otherwise, and that the United States is shielded from liability for Plaintiff's allegations by the operation of South Dakota's Good Samaritan Statute.

5. A concise statement of the jurisdictional basis of the case, giving a brief narrative description as well as statutory references.

**Response**:

Action against the estate of Dr. Alving, Amy Alving, and AB Staffing:  Jurisdiction is predicated on diversity as the parties are residents of different states and the matter in controversy exceeds $75,000, per 28 U.S.C. 1332.

Action against the United States:  Jurisdiction exists per the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80.

Venue is appropriate in the Western Division of the United States District Court for the District of South Dakota.

6. A brief statement of the material issues to be resolved.

**Response**:

    a. Whether there was a duty owed Plaintiff by any of the defendants?

    b. What was the applicable standard of care required by any and all of the defendants in the care and treatment of the Decedent?

    c. Whether the applicable standard of care was breached by any of the defendants?

     d.     If there was a breach of the applicable standard of care, was that breach the proximate cause of the death of Decedent and plaintiff's injuries?

     e.     Whether the actions of any intervening third party the proximate cause of the death of Decedent and Plaintiff's injuries?

     f.     Whether Plaintiff's claim is barred by the assumption of risk and/or contributing negligence of the Decedent of a degree more than slight?

     g.     Whether there was inadequate training, hiring, or supervision of Dr. Alving or any other contractor or federal employee by any of the defendants, and if so, was that inadequate training, hiring, or supervision of Dr. Alving and/or any contractor or federal employee the proximate or legal cause of Decedent's death?

     h.     Whether Defendant United States, if it were a private person, would be liable to plaintiff in accordance with the laws of South Dakota?

     i.     Whether Plaintiff's damages are defeated or reduced by failure to mitigate damages?

     j.     If negligence is proven, what are the damages owed?

## C.   **Pleadings**

7.     A statement of whether all pleadings have been filed, and description of any amendments to the pleadings the party proposes to make, including the identification of any new parties to be added (if none, so state).

**Response**:

All required pleadings have been filed. The parties reserve the right to amend their pleadings as provided by statute, the local rules, and the Court's Order.

8.     The date by which all motions which seek to amend the pleadings or add parties will be filed.

**Response**:

All motions to amend the pleadings or add parties shall be filed by **November 29, 2019**. The parties reserve the right to amend

pleadings to conform to evidence gathered through the discovery process.

9.  Whether jury trial is available under the law, and whether a jury trial has been timely demanded.

**Response**:

A jury trial is available against all defendants except the United States and has been timely demanded.  A jury trial is not available against the United States.

## D.  **Initial Discovery Plan**

10.  Date by which pre-discovery disclosures required by Rule 26(a)(1) will be completed. *[Note: discovery is not filed with the court.]*

**Response**:

Rule 26(a)(1) discovery exchanges shall be conducted by **September 30, 2019**.

## E.  **Discovery Plan**[1]

11.  The procedure to be used for disclosure or discovery of electronic information.

**Response**:

Electronically stored documents shall be produced as a paper printout.  Should any party request the document in electronic form, it shall be produced in its pdf format unless the parties agree otherwise.  The cost of electronic format production shall be borne by the requesting party.  The parties agree that the provisions of Fed. R. Evid. 502 are applicable to this case.

12.  The number of interrogatories each party shall be permitted to serve.

**Response**:

Each party may serve one hundred (100) interrogatories, including subparts.

13.  The maximum number of depositions by each party (excluding expert witness depositions).

---

[1]  If the parties are unable to agree upon a discovery plan, the report shall separately set forth each party's proposed plan.

**Response**:

Each party may take a deposition of each fact witness identified, as well as a discovery and trial deposition of each expert witness disclosed.

14.   The limits on the length of depositions, in hours.

**Response**:

Seven hours.  Length of depositions would be as provided by Fed. R. Civ. P. 30(d)(1), which authorizes one day of seven hours not including breaks.  Parties may motion the court pursuant to the rule if additional time is needed and a stipulation cannot be reached.

15.   The date by which all discovery (including expert discovery) shall be completed.

**Response**:

All discovery shall be completed by **May 22, 2020.**

16.   The number of expert witnesses, if any, each party anticipates calling at trial, and a brief description of the type of experts anticipated.

**Response**:

Plaintiff anticipates calling four (4) medical doctors regarding standard of care and proximate cause, an economist and an accountant.

The defendants anticipating calling medical experts related to the required standard of care and proximate cause as necessary to rebut Plaintiff's experts, as well as the treating medical professionals.  The defendants may also call an economist to testify regarding damages.  Defendant United States may also call an ambulance/EMT and/or first responder expert.

17.   The date by which each party shall disclose the identity of expert witnesses and disclose the reports required under Rule 26(A)(2). [*Note: discovery is not filed with the court.*]

**Response**:

Plaintiff shall disclose experts' identity and reports by **January 17, 2020.**

7

Defendants shall disclose experts' identity and reports by **March 20 2020**.

18.   Whether the parties anticipate expert depositions.

**Response**:

Yes, the parties intend to depose experts for discovery purposes and may also depose experts for trial purposes if the expert may be unavailable for trial.

19.   The number of expert depositions each party shall be permitted to take.

**Response**:

One discovery deposition and one trial deposition for each identified expert.

20.   The frequency with which discovery responses must be supplemented pursuant to Rule 26(e).

**Response**:

Discovery shall be supplemented pursuant to Fed. R. Civ. P. 26(e)(1)(A) within thirty (30) days of the party learning of the discovery or obtaining the discoverable information.  Discovery under Fed. R. Civ. P. 26(e)(1)(B) shall be supplemented pursuant to the Rule.

## F.   **Dispositive Motions and Trial**

21.   Date by which all dispositive motions shall be filed.

**Response**:

The dispositive motions deadline shall be **June 22, 2020**.

22.   Suggested trial time and estimated trial time including jury selection and instructions.

**Response**:

The parties suggest a trial date which is approximately thirty (30) days from the date of the pretrial conference.  The estimated trial length is two weeks.

8

## G.   **Settlement**

23.   The parties should fully explore the possibility of settling this case at the Rule 26(f) meeting.  If the case does not settle, the parties shall be fully prepared to advise the court about the status of settlement discussions.  The parties shall advise the court whether they desire a settlement conference with a magistrate judge.

**Response**:

The parties have discussed settlement but have yet to come to a resolution.  The parties will determine at a later date if they desire a settlement conference with a magistrate judge.

24.   Plaintiff is directed to make a written settlement demand prior to the Rule 26(f) meeting.  Defendant shall respond in writing to this demand as soon as possible.

**Response**:

Plaintiff has produced a settlement demand, and the defendants are considering it.

25.   If plaintiff is unable to make a settlement demand, plaintiff shall:

     a.   Explain the inability;
     b.   Advise the court what is needed to evaluate settlement; and
     c.   Advise the court of the earliest date the parties can realistically evaluate settlement.

**Response**:

Not applicable.

26.   Other matters the parties want to raise.

**Response**:

None at this time.

Respectfully submitted,

Date: August 13th, 2019.

Robin L. Zephier
ABOUREZK, ZEPHIER & LAFLEUR, PC
P.O. Box 9460
2020 West Omaha
Rapid City, SD 57709-9460
Telephone: (605) 342-0097
Email: rzephier@azlaw.pro
Attorney for Plaintiff

Date: August 5, 2019.

LONNIE R. BRAUN
THOMAS BRAUN BERNARD & BURKE, LLP
4200 Beach Drive, Suite 1
Rapid City, SD 57702
Telephone: (605) 348-7516
Email: lbraun@tb3law.com
Attorneys for Defendants Estate of Dr. Ralph
  Alving, Amy Alving, and AB Staffing Solutions

Date: August 2, 2019.

RONALD A. PARSONS, JR.
United States Attorney

SARABETH DONOVAN
Assistant U.S. Attorney
515 Ninth Street, Suite 201
Rapid City, SD 57701
Telephone: (605) 342-7822
Email: sarabeth.donovan2@usdoj.gov
Attorneys for Defendant United States

10